**LOST TRAIL LLC, Plaintiff–Appellant,**

v.

**TOWN OF WESTON, Defendant–Appellee.**

**No. 07–2105–cv.**

United States Court of Appeals, Second Circuit.

Aug. 8, 2008.

---

Robert A. Fuller, Wilton, Connecticut (Patrick W. Begos, Begos Horgan & Brown LLP, Westport, CT, on the brief), for Appellant.

Kevin M. Tighe, Thomas R. Gerarde, Howd & Ludorf, LLC, Hartford, CT, for Appellee.

PRESENT: Hon. REENA RAGGI, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

In this dispute over property development, plaintiff Lost Trail LLC appeals the district court's dismissal of its constitutional claims against defendant Town of Weston on the ground that these claims were not ripe for review; following which, the district court declined to exercise pendent jurisdiction over related state law claims. *See Lost Trail, LLC v. Town of Weston,* 485 F.Supp.2d 59, 66 (D.Conn.2007). We assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only as necessary to explain our decision.

Land use challenges, whether pursued as a takings claim under the Fifth Amendment or as violations of equal protection or due process, are subject to the ripeness requirement articulated in *Williamson County Reg'l Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). *See Murphy v. New Milford Zoning Comm'n,* 402 F.3d 342, 349 (2d Cir.2005); *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 88–89 (2d Cir.2002). Lost Trail submits that the district court erred in concluding that its constitutional claims failed the first prong of *Williamson*'s ripeness test, which states that a land use challenge is not ripe for judicial review until the government entity charged with implementing the relevant regulations has reached a "final decision" regarding their application to the property at issue. *Williamson,* 473 U.S. at 186, 105 S.Ct. 3108. *See Lost Trail, LLC v. Town of Weston,* 485 F.Supp.2d at 65–66. We review the issue of ripeness *de novo* and identify no error in the district court's ruling. *See Murphy v. New Milford Zoning Comm'n,* 402 F.3d at 347.

Lost Trail's federal claims are premised on alleged errors by town officials, specifically town attorneys, in concluding that

plaintiff's recorded subdivisions were legally ineffective under Connecticut law and in denying plaintiff building permits. Connecticut law, however, indicates that town attorneys are not charged with implementing subdivision law. That responsibility rests with the Weston Planning and Zoning Commission. *See* Conn. Gen.Stat. §§ 8–18, 8–26. Lost Trail has never sought that entity's approval for its subdivision plans. Nor has it appealed the rejection of its sole building permit application to the appropriate entity, the Weston Zoning Board of Appeals. *See id.* § 8–6(a). Absent such final determinations, any review of plaintiff's constitutional claims would proceed without: (1) development of a full record, (2) precise demonstration of how local regulations will be applied to particular property, (3) resolution of whether a variance or subdivision approval might provide the relief plaintiff seeks, and thus (4) would risk undue interference in "matters of local concern more aptly suited for local resolution." *Murphy v. New Milford Zoning Comm'n,* 402 F.3d at 348.

Lost Trail submits that its failure to pursue a final decision is nevertheless excused by the doctrine of futility, *see id.* at 349 (observing that "property owner need not pursue such applications when a zoning agency lacks discretion to grant variances or has dug in its heels and made clear that all such applications will be denied"), as evidenced by the fundamental disagreement between the parties as to whether the property at issue constitutes four lots (plaintiff's view) or one (the view plaintiff ascribes to town officials). Plaintiff has not, however, alleged that the Weston Planning and Zoning Commission lacks discretion to grant the relief it seeks, nor has it alleged that the town entities charged with implementing subdivision and zoning regulations have made clear that applications for relief will be denied. Absent such allegations, the noted disagreement is not enough, by itself, to demonstrate futility.

Similarly, although Lost Trail alleges that town counsel advised the Chairman of the Weston Planning and Zoning Commission, and various other town officials not to issue plaintiff a building permit, it does not claim that counsel ever advised these officials not to approve an application for subdivision of the property at issue. To the contrary, counsel specifically advised plaintiff to apply for this approval or, if it opted to proceed without subdivision approval, to appeal any denial of a building permit application to the Board of Zoning Appeals. Nothing in the complaint or record suggests that these recommendations were not *bona fide.* Thus, even if plaintiff is correct that defendant errs in requiring it to apply for subdivision approval, the injury sustained from the purportedly unnecessary proceeding is the lost or delayed use of property, the review of which injury is subject to the ripeness requirement of a final decision.

In sum, because we conclude that the district court correctly determined plaintiff's constitutional claims not to be ripe for review, the judgment of dismissal is AFFIRMED.